IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA STANLEY,<br>    Plaintiffs | : | |
| | : | |
| v. | : | CIV. NO. AMD 06-944 |
| | : | |
| BALTIMORE COUNTY, MD, *et al.*,<br>    Defendants | : | |
| | : | |

...o0o...

MEMORANDUM and ORDER

On or about December 15, 2005, the Baltimore County Housing Office ("BCHO") informed Plaintiff Barbara Stanley that her Section 8 housing assistance subsidy was being terminated because she had allegedly permitted an unauthorized person to reside in the unit in violation of 24 CFR 982.551(h)(2). In March 2006, a hearing examiner upheld BCHO's decision. Seeking to retain her eligibility, plaintiff brought this action in April 2006 alleging violations of 42 U.S.C. § 1437, related Department of Housing and Urban Development ("HUD") regulations and the federal constitution. The court granted a preliminary injunction after a hearing and Stanley has remained in the unit and the ordered payments have been made.

Now pending are defendants' motion to dismiss, or in the alternative for summary judgment, and plaintiff's cross-motion for summary judgment. I have thoroughly reviewed the parties' submissions and no hearing is needed. Treating defendants' motion as a motion for summary judgment, it is clear that genuine disputed issues of material fact exist, requiring the court to deny the cross motions for summary judgment.

I.

Stanley lives with her adult son at a rental property in Baltimore County where she is the beneficiary of Section 8 housing and where she receives Social Security benefits and food stamps. Defendants notified Stanley, by letter dated December 15, 2005, that her participation in the program would terminate effective on January 31, 2006. The primary reasons for termination enumerated in the letter were (1) that plaintiff allowed an unauthorized person to reside in the unit without prior approval from the BCHO, in violation of 24 C.F.R. § 928.551(h)(2); and (2) that the information provided with regard to the number of persons residing in the unit was false, constituting a violation of 24 C.F.R. § 928.551(b)(4).

The December 15, 2005, letter identified Katie Lynn Kelly ("Kelly") as the alleged unauthorized person plaintiff permitted to "reside" in the unit without prior approval. The letter indicated that BCHO had in its possession Motor Vehicle Administration ("MVA") records and Department of Social Services ("DSS") notes which BCHO interpreted to mean that Kelly "resided at" Stanley's residence. The letter informed Stanley that she was entitled to request a hearing within 15 days to contest the BCHO's decision to terminate. On December 16, 2005, Stanley requested a hearing.

On March 7, 2006, an informal hearing was held. Plaintiff claimed that Kelly never resided at the unit and that Kelly's father had, surreptitiously, altered Kelly's address in the MVA records. Kelly was not present at the hearing. The BCHO, represented by rental

subsidy specialist Karen Dimattei, introduced various documents, including a handwritten statement by Kelly which it received from DSS that stated Kelly lived at plaintiff's residence and paid plaintiff $20 a week. Additional evidence was proffered including documents showing that on September 2, 2005, Stanley and her son, Curtis Stanley, had applied for food stamps, general assistance and medical assistance, and that in DSS's computer notes generated at the time of application, plaintiff told her social worker that her son's girlfriend lived with her and paid rent. A copy of Kelly's credit report also showed her "user supplied address" as plaintiff's residence.

On March 9, 2006, a hearing officer issued a decision upholding BCHO's decision to terminate Stanley's benefits and on March 14, 2006, plaintiff received the decision. Shortly thereafter, plaintiff moved to enjoin defendants from terminating her Section 8 housing subsidy. Applying the test enumerated by the Fourth Circuit in *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991), this court carefully balanced the importance of housing assistance to disabled persons such as plaintiff, against defendants' tenacious argument that fraud-prevention in HUD's Section 8 program greatly serves the public interest.[1] On May 5, 2006, the motion for preliminary injunction was granted and

---

[1] While the circumstances at hand necessitated enjoining defendants from terminating Section 8 payments to Plaintiff, it should be noted that this court in no way disregards defendants' important contention that "willful violation of HUD regulations . . . would have a chilling effect on enforcement of HUD regulations by the Housing Office." Defts' Mem., p. 13. As I noted when granting the motion for preliminary injunction, there does not appear to be evidence that a violation, if any, was willful. Nonetheless, I am mindful of defendants' assertion, not to mention, the very fact, that Section 8 housing assistance subsidies are in high demand and necessitate careful policing of beneficiaries to enforce compliance with the applicable

(continued...)

defendants were ordered to continue payments. Since that time, the ordered payments have been made.

## II.

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If factual issues unequivocally exist "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).

## III.

The gravamen of plaintiff's claim is that, absent a finding that an unauthorized person actually, physically resided at her home in violation of 24 CFR § 982.551(h)(2), Stanley's Section 8 benefits cannot lawfully be terminated. Several genuine disputes of material fact exist, the resolution of which, individually or, as a whole, would certainly affect the outcome

---

[1](...continued)
regulations. At the same time, this court has a responsibility not to close its eyes to the possibility of overzealous enforcement of regulations by officials exercising plenary discretion, leading to arbitrary outcomes.

of this litigation. Primarily, plaintiff avers that Kelly did not reside at her home. Defendants, however, posit that she did. This, coupled with plaintiff's introduction of testimony by Stanley's mental health coordinator that, despite daily visits to Stanley's residence, she has "never observed anybody else living in that facility," constitutes conflicting evidence appropriate for a factfinder to decide.[2] Therefore, a dispute of fact exists and summary judgment is inappropriate.

There is also a dispute as to whether Kelly had deposited her personal effects at the residence. Plaintiff cites the "uncontradicted and detailed" testimony of the mental health coordinator, who explicitly stated, "I go upstairs [and] I have never seen anybody else's . . . clothes or an indication that someone else was staying there." Formal discovery might reveal further evidence as to this fact. In this light, summary judgment for defendants is inappropriate.

Additionally, a dispute exists as to whether Kelly in fact abandoned another residence in favor of establishing a domicile in Stanley's unit. Plaintiff submitted a letter from Randall Cassell, whose daughter is a friend of Kelly's, stating that Kelly stayed with the family on different occasions because she "needed a temporary place to stay." The letter also states that Kelly has "resided at two other temporary addresses," at various times. The evidentiary record contains certain documents listing plaintiff's address as Kelly's address, but also

---

[2]Plaintiff concedes that, while a "reasonable documentary basis" might have existed to suspect Plaintiff "might have taken in an unauthorized resident," mere suspicion is substantially distinguishable from evidence necessary to confirm actual residence. I agree. *See supra* n. 1.

documents that list other addresses as Kelly's address.[3] As genuine issues remain disputed as to whether or not an unauthorized person actually resided at plaintiff's residence, neither party is entitled to judgment as a matter of law.

IV.

For the reasons set forth, the cross motions for summary judgment are hereby DENIED.

Filed: February 9, 2007

                                        Andre M. Davis
                                        United States District Judge

---

[3] Defendants draw attention to an MVA record that lists plaintiff's address as Kelly's address. However, plaintiff submits MVA records, including a current driver's license and a "correction attachment," that contain an address different from that of Stanley's.